**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0234-17T2

BRONWEN MELVIN,

     Plaintiff-Respondent,

v.

MARK MELVIN,

     Defendant-Appellant.

_____

Argued April 1, 2019 – Decided April 18, 2019

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-0526-14.

Nirmalan Nagulendran argued the cause for appellant (Miller, Meyerson & Corbo, attorneys; Nirmalan Nagulendran, of counsel and on the briefs).

Thomas Sidoti argued the cause for respondent.

PER CURIAM

Defendant appeals from an August 4, 2017 order, which denied his motion for reconsideration of a June 8, 2016 order. In his out-of-time reconsideration motion, defendant contended that the June 8, 2016 order failed to compel plaintiff to pay him $44,715.02, which he asserted the parties' June 2015 final judgment of divorce (FJOD) had ordered. Defendant argues that Judge Nesle A. Rodriguez, who entered the order under review and conducted the matrimonial trial, abused her discretion by "incorrectly ruling that [he] was not entitled to money [in the amount of $44,715.02] for his interest in the marital condominium." We disagree and affirm for the reasons expressed by the judge. We add these brief remarks.

The FJOD reflects the parties' debts and assets. According to the FJOD, they shared a combined debt of $54,327.26 ($27,163.63 for plaintiff and $27,163.63 for defendant); plaintiff's assets totaled $85,016.12; and defendant's assets totaled $80,583.51. The FJOD ordered plaintiff pay defendant a total of $31,596.14. She arrived at $31,596.14 by adding $4,432.51 ($85,016.12 minus $80,583.61) and $27,163.63 (half of the parties' combined debt). In a series of later motions, defendant argued that he was entitled to $44,715.02 for his interest in the condominium.

A-0234-17T2

Within weeks of the FJOD, defendant filed a motion asking the judge for a detailed accounting of the asset and debt distribution. On February 5, 2016, the judge entered an order providing that information, and she rendered a detailed statement of reasons. Defendant then filed a motion for reconsideration of the February 5, 2016 order, which the judge denied on June 8, 2016 in a lengthy order and thorough written opinion.

On June 6, 2017, almost one year later, defendant filed his motion to amend the June 8, 2016 order to reflect that plaintiff owes him $44,715.02. The practical effect of his request to amend the June 8, 2016 order essentially requires that the judge engage in a reconsideration analysis. Defendant should have filed his motion to reconsider or amend the June 8, 2016 order within twenty days after service of the order. See Rule 4:49-2 (providing deadlines for the filing of such a motion, which cannot be enlarged pursuant to Rule 1:3-4(c)).

Despite the untimeliness of the motion, the judge considered it on the merits. The judge reviewed the FJOD, the June 8, 2016 order and statement of reasons, and rendered a written opinion stating:

> Defendant files this motion for reconsideration and to enforce litigant's rights. Defendant is requesting the [p]laintiff pay the [d]efendant $44,715.02. . . . Defendant is also requesting the [c]ourt . . . amend its

June 8, 2016 order pursuant to R[ule] 1:13-1 and R[ule] 4:50-1 reflecting the $44,715.02 owed by [p]laintiff.[1]

However, pursuant to Paragraph [twenty-one] of the [FJOD], [p]laintiff owes a total of $31,59[6].14 to the [d]efendant. Paragraph [twenty-one] states "The total debt is $54,327.26[,] or $27,163.63 each in debt. Total assets to [p]laintiff are $85,016.02[,] and to [d]efendant $80,583.51[;] so [p]laintiff owes defendant $4,432.51 from the assets and should also pay [d]efendant $27,163.63 for the debt[,] or a total of $31,596.14 to . . . [d]efendant since all of the debt is in . . . [d]efendant's name. . . .

Therefore, . . . [d]efendant is requesting an incorrect amount from [p]laintiff.

We review the trial judge's ruling on a motion for reconsideration under the abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Although plaintiff urges us to dismiss the appeal as untimely – because plaintiff argues that defendant is essentially challenging the FJOD – we have considered defendant's arguments on the merits and see no abuse of discretion. In the February 2016 order, the judge provided a detailed breakdown of plaintiff's and defendant's assets and debts. The judge included defendant's

---

[1] Rule 1:13-1 addresses clerical errors, and Rule 4:50-1 addresses relief from orders. The judge treated defendant's motion as one seeking reconsideration, as do we, because defendant challenged the June 8, 2016 order, which denied reconsideration of the February 5, 2016 order. We see no clerical error in any of the orders. And there is no basis for relief under Rule 4:50-1.

4

share of the marital condominium into his total assets; therefore, defendant's share of the condominium – $44,715.02 – was taken into consideration in the judge's final calculation, in which she determined that defendant was owed a total of $31,596.14.

To the extent that we have not addressed defendant's remaining contentions, we conclude that they are without sufficient merit to warrant attention in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0234-17T2